

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

September 30, 2019

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

**Re:** *Kingstown Capital Mgmt., L.P. et al., v. Vitek et al.*, **Case No. 19-cv-3170 (DLC)**

Dear Judge Cote:

We are counsel to Defendants CPI Property Group, S.A. ("CPIPG"), Radovan Vitek and Milada Mala in connection with the above-referenced litigation and write in response to Plaintiffs' counsel's September 27, 2019 letter concerning Lumir Safranek (the "September 27 Letter"). Although we do not represent Mr. Safranek, we feel compelled to respond to Mr. Schwartz's letter and to provide our perspective about the sequence of events that lead to the filing of Plaintiffs' application for a clerk's certificate of default against Mr. Safranek.

In late July, we were notified by CPIPG that Mr. Safranek had a terminal illness and that his prognosis was dire.  At that time, Plaintiffs had not effectuated service of process on Mr. Safranek.  Given that Your Honor had entered an order instructing Plaintiffs to seek the entry of default against non-appearing Defendants (ECF 24), we thought it prudent to relay this information to Mr. Schwartz.  We did not believe that the entry of a default against Mr. Safranek was fair in these circumstances.  In response, Mr. Schwartz asked that we provide documentary evidence confirming Mr. Safranek's condition.  We obtained a medical report from Mr. Safranek's hematologists in Prague,[1] which we transmitted to Mr. Schwartz (along with a certified English translation of same), on September 5.  Our understanding is that Mr. Safranek has decided to forego treatment entirely and is waiting out his final days.

On September 13, counsel for all parties appeared before Your Honor for a status conference.  At the conference, Your Honor ordered Plaintiffs to submit a status report by September 27 "with respect to service and [Plaintiffs'] desire to continue to proceed against Mr. Safranek." (9/13/19 Tr. at 6.)  Your Honor indicated that "the question of whether to burden [Mr. Safranek] at this point in his life is one" that should be thought "about with care," and advised Mr. Schwartz and me to confer regarding these issues.  (*Id.* at 27-28.)  Mr. Schwartz and I conferred by teleconference on September 26, during which Mr. Schwartz confirmed that he intended to pursue Mr. Safranek or his estate should Mr. Safranek pass away during the course of this lawsuit.  On the call, Mr. Schwartz made no indication that Plaintiffs would seek to take Mr.

---

[1] We will provide a translated copy of this letter to the Court upon request if Your Honor so desires.

Safranek's testimony or move for a default against Mr. Safranek immediately. By the September 27 Letter and accompanying filings, however, Mr. Schwartz requests a clerk's certificate of default (which was endorsed by the Clerk of Court today (ECF 99)), and an order from the Court to "collect evidence—especially testimony—from [Mr. Safranek] now . . ."

We respectfully submit that the Court should deny Plaintiffs' request for discovery. *First*, like all Defendants in this action, our understanding is that Mr. Safranek has no connection to the United States. He is a "citizen of the Czech Republic, residing in the Czech Republic." Compl. ¶ 29. And, upon information and belief, he does not live, own property or conduct business in the United States. Furthermore, all *nine* of the allegations in the 108-page Complaint concerning Mr. Safranek relate to conduct that allegedly occurred outside of the United States. *See id.* ¶¶ 29, 193-94, 196, 255-56, 369, 385(a), 414(g). If Mr. Safranek were to appear in this action, after consultation with his own counsel, we would expect him to assert the same defenses that Defendants have made in the motions currently on file, including lack of personal jurisdiction. Accordingly, no discovery at this time is appropriate, consistent with the Court's ruling staying discovery against the other Defendants.

*Second*, Mr. Schwartz does not dispute the seriousness of Mr. Safranek's condition. Rather, he implies that because his interpretation of Mr. Safranek's medical report leaves open whether Mr. Safranek is receiving "ongoing treatment," Mr. Safranek is somehow not dying *sufficiently* to avoid sitting for a deposition immediately. We submit that Plaintiffs are taking advantage of our voluntary disclosure of Mr. Safranek's condition improperly. Indeed, without that disclosure, Mr. Safranek may very well never have appeared in this case, and Plaintiffs would have no choice but to enforce any default judgment against Mr. Safranek in the Czech Republic, which would be subject to collateral attack by Mr. Safranek's estate.

*Third*, the September 27 Letter fails to provide any justification—beyond what was already argued by Mr. Schwartz at the September 13 conference—as to why discovery, particularly testimony, is needed from Mr. Safranek given his current medical state. The allegations in the Complaint concerning Mr. Safranek relate to the acquisition of Orco Germany shares by Kamoro Limited, a foreign company, of which Mr. Safranek is alleged to be the nominal owner. Compl. ¶ 29. Presumably, documents relating to that transaction exist, can be preserved and subsequently produced to Plaintiffs if this action were to continue, which Your Honor indicated may be more than sufficient discovery at this stage of the litigation. (*See* 9/13/19 Tr. at 32.) Furthermore, the excerpts of the CSSF Report cited in the September 27 Letter relate to testimony by *other* defendants (*i.e.*, Ott and Vitek), not Mr. Safranek, or documents provided in connection with the CSSF Report (*i.e.*, account statements from Kamoro).

Accordingly, we respectfully request that the Court vacate the Certificate of Default (ECF 99), and delay any further action concerning Mr. Safranek's status until we have had the opportunity to contact Mr. Safranek or his representatives to allow him to retain counsel, if necessary, and to obtain further information about his illness and his ability to appear in this lawsuit. To avoid a default judgment—and given that Plaintiffs intend to proceed expeditiously against Mr. Safranek (and eventually his estate)—Mr. Safranek may have no choice but to retain counsel and to file an appearance in this action. We respectfully request two weeks, until October 14, to submit a status report to the Court updating Your Honor on the status of: (1) Mr. Safranek's medical condition, and (2) his intentions with regard to the lawsuit.

Honorable Denise L. Cote - 3 -

                          Respectfully submitted,

                By:    <u>/s/ *Seth M. Cohen*</u>
                          Seth M. Cohen

cc:  Michael C. Hefter, Esq.
All counsel of record (via ECF)